# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2022

Lyle W. Cayce
Clerk

No. 22-40240
Summary Calendar

Diamond Services Corporation,

*Plaintiff—Appellant*,

*versus*

Travelers Casualty & Surety Company of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-cv-78

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Diamond Services Corporation appeals the district court's dismissal of this suit for damages under the Miller Act. We AFFIRM.

The U.S. Army Corps of Engineers awarded a contract for a dredging project along the Texas Gulf Coast to T.W. LaQuay Marine, LLC, who, in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

compliance with the Miller Act, 40 U.S.C. § 3131 *et seq.*, obtained a surety bond from Defendant Travelers Casualty and Surety Company of America (Travelers).  On March 24, 2020, Plaintiff-Appellant Diamond Services Corporation (Diamond) completed repairs to a vessel chartered by LaQuay for the dredging project.  Diamond claimed that LaQuay was responsible for payment of the repairs but LaQuay refused to pay.  Diamond then submitted a claim to Travelers on the surety bond.  On January 7, 2021, Travelers sent a claim form and a letter requesting additional information.  On January 21, Diamond returned the claim form to Travelers.  On March 26, Travelers denied Diamond's claim.  On March 29—one year and five days after completing the repairs—Diamond filed suit against Travelers seeking damages under the Miller Act and the surety bond.

The district court dismissed Diamond's claim under Federal Rule of Civil Procedure 12(b)(6), finding that the claim was barred by the statute of limitations and equitable estoppel did not apply.  Our review is *de novo*.  *See Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018).  We "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff[]."  *Id.* (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).  To survive a motion to dismiss, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under the Miller Act, an action on a surety bond must be commenced "no later than one year after the day on which the last of the labor was performed . . . ."  § 3133(b)(4).  Diamond concedes that it filed the instant suit four days late.  Nevertheless, Diamond argues that its claim survives the Miller Act's limitations provision because it relied on Travelers' January 7 representation of an investigation into the claim and thus, equitable estoppel applies.  We disagree.

No. 22-40240

Under the Miller Act, "a party asserting an estoppel defense must show that it was misled to its detriment." *United States ex rel. A & R Supply of Miss. v. Travelers Cas. & Sur. Co. of Am.*, 265 F. App'x 236, 238 (5th Cir. 2008). Diamond fails to plead that the January 7 letter from Travelers requesting additional information on the claim was a representation that Diamond reasonably relied on in deciding not to bring suit within the statutory limitations period. The January 7 letter gave no promise of a response, made no representations that Diamond would be paid or that Travelers would engage in claim negotiations with Diamond, and explicitly reserved "all rights and defenses . . . includ[ing], without limitation, defenses that may be available under any applicable notice and suit limitation provisions." *Compare United States ex rel. Atlas Erection Co. v. Cont'l Cas. Co.*, 357 F. Supp. 795, 800 (E.D. La. 1973) (finding equitable estoppel applied where surety "assured [the subcontractor] that all valid invoices would be paid upon the completion of [its] investigation" and "requested [the subcontractor's] continued cooperation in an amicable resolution of the claim"). Because Diamond's reliance on the January 7 letter in delaying filing suit was unreasonable, equitable estoppel does not rescue its claim.

We AFFIRM.